IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW MICHAEL KING,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-07-02243** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **FEDERAL BUREAU OF** | : | |
| **PRISONS,** *et al.*, | : | |
| | : | |
| **Respondents** | : | |

# M E M O R A N D U M

Petitioner Andrew M. King ("King"), an inmate currently incarcerated at the United States Penitentiary at Canaan in Waymart, Pennsylvania, commenced the above-captioned action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  He has also submitted a motion for leave to proceed *in forma pauperis*.  (Doc. 2.)  King is challenging the Bureau of Prisons' ("BOP") calculation of his federal sentence.  For the reasons that follow, the petition will be dismissed as a second or successive petition under 28 U.S.C. § 2244(b).

I.   **Background**

On January 3, 1997, King was arrested and imprisoned by New York state authorities for criminal possession of a controlled substance.  On May 3, 1997, New York local authorities issued a parole violator warrant for King.

On August 27, 1997, King was produced from New York state custody pursuant to a federal writ of habeas corpus *ad prosequendum* to answer to charges of murder in the aid of racketeering, *see* 18 U.S.C. § 1952(b), conspiracy to distribute and possess cocaine with intent to distribute, *see* 21 U.S.C. §§ 846, 841(b)(1)(A), and possession with intent to distribute cocaine base, *see* 21 U.S.C. § 841(a)(1) & 841(b)(1)(A), in the United States District Court for the Eastern District of New York.  After pleading guilty to all charges, King was sentenced on October 4, 1999, to a term of imprisonment of 144 months, to run concurrent to a state sentence.

On November 8, 1999, King was returned to the custody of the State of New York.  On March 23, 2000, New York authorities revoked King's parole and sentenced him to a term of imprisonment of not less than seven (7) years and not more than twenty-one (21) years.  King was paroled from his state sentence on March 24, 2006, at which time federal authorities assumed primary custody.

Case 1:07-cv-02243-SHR-AM   Document 4   Filed 12/28/07   Page 3 of 8


After it assumed primary custody of King, the BOP calculated his federal

sentence.  On February 28, 2007, King challenged the BOP's calculation by

filing a petition for writ of habeas corpus pursuant to 18 U.S.C. § 2241, which

was dismissed by this court on July 11, 2007.  (*See King v. Lindsay*, Civil No.

1:CV-07-00375, Doc. 12.)

King's instant petition claims entitlement to federal habeas corpus relief

on the grounds that the BOP's interpretation of 18 U.S.C. § 3585[1] is

unconstitutional and has deprived King of his right to due process.  King,

however, is challenging the same BOP sentence calculation by raising claims in

the instant petition that he could have raised in his prior petition, which was

---

[1]  28 U.S.C. § 3585 provides as follows:

A defendant shall be given credit toward the service of a term of imprisonment for
any time he has spent in official detention prior to the date the sentence commences –

    (1)  as a result of the offense for which the sentence was imposed; or

    (2)  as a result of any other charge for which the defendant was arrested after the
    commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

The Attorney General is responsible for computing federal sentences for all offenses
committed after November 1, 1987, § 3585; *United States v. Wilson*, 503 U.S. 329, 331-32 (1992),
and the Attorney General has delegated this authority to the Director of the BOP, 28 C.F.R. § 0.96
(1992).  Computation of a federal sentence is governed by § 3585, and consists of the following two-
step process: (1) a determination of the date on which the federal sentence commences, and (2)
consideration of any credit to which petitioner may be entitled.  *Chambers v. Holland*, 920 F. Supp.
618, 621 (M.D. Pa. 1996).

dismissed.  Therefore, the instant petition is a "second or successive" petition under 28 U.S.C. § 2244(b), and will be dismissed.

## II.   **Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970).  *Accord Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991).  District courts have "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  *Allen*, 424 F.2d at 141.

Prior to the 1996 amendments, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition "that present[ed] no new ground not theretofore presented and determined."  *McClesky v. Zant*, 499 U.S. 467, 483 (1991). § 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

28 U.S.C. § 2244.

In *McClesky*, the United States Supreme Court expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> A petitioner may abuse the writ by failing to raise a claim through inexcusable neglect.  Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

499 U.S. at 489.

Following the 1996 amendments, § 2244(b) now provides:

5

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
   (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

In the instant case, as previously noted, King filed a prior § 2241 petition in this court in February 2007. His earlier action, which similarly challenged the BOP's calculation of his federal sentence, was denied by Memorandum and Order dated July 11, 2007. (*See King v. Lindsay*, Civil No. 1:CV-07-00375, Doc. 12.) After reviewing the instant petition, the court holds that the petition is a "second or successive" petition because King's claim could have been raised in his earlier petition. At the time he filed the habeas petition in this court in 2007, he was aware of the BOP's calculation of his federal sentence. Further, King has not set forth any explanation as to why the instant claim

6

based on that BOP calculation was not raised in the first petition before this court.

Thus, King has failed to show that his instant petition falls within the statutory exceptions outlined above.  Further, there is no indication that King applied for and was granted leave to file a second or successive habeas corpus petition by the Third Circuit Court of Appeals.  Under the requirements set forth in § 2244(b)(2), King's present successive petition cannot be entertained by the court.

III.   **Conclusion**

Based on the foregoing discussion that King has filed a second or successive § 2241 petition under § 2244(b), the petition for writ of habeas corpus will be dismissed.

An appropriate order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  December 28, 2007.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ANDREW MICHAEL KING,**            :
                                    :
       **Petitioner**              :     **CIVIL NO. 1:CV-07-02243**
                                    :
**v.**                              :     **(Judge Rambo)**
                                    :
**FEDERAL BUREAU OF**               :
**PRISONS,** *et al.,*              :
                                    :
       **Respondents**            :

# O R D E R

AND NOW, this 28th day of December, 2007, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. Petitioner's application to proceed *in forma pauperis* (Doc. 2) is GRANTED for the sole purpose of filing the instant petition only.

2. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is DISMISSED as a second or successive petition under 28 U.S.C. § 2244(b).

3. The Clerk of Court is directed to CLOSE this case.

                         _s/Sylvia H. Rambo_
                         SYLVIA H. RAMBO
                         United States District Judge